James E. Mulcahy, J.
This ease was tried by the court, a jury having been waived. Formal findings of fact and conclusions of law were also waived.
*615 The action is brought by the assured against the defendant insurance company on a policy issued by it and known as “ Manufacturers’ and Contractors’ Liability Policy
The plaintiff was involved in an accident on or about the 9th day of March, 1956 in which damage was caused to the property of the defendant The Lawrence M. Lyons Corporation when a bulldozer operated by the plaintiff’s employee was negligently caused to crash into a wall of a building on the adjoining land. After the plaintiff notified the insurance company of the accident and sent it the summons and complaint in a City Court action which was instituted against it as a result of the afore-mentioned accident, the insurance company returned the summons and complaint and refused to defend the action.
The disclaimer of liability is based on an alleged exclusion contained in paragraph (n), the pertinent parts of which read as follows: “ (n) under coverage B, with respect to division 1 of the definition of Hazards, to injury to or destruction of any property arising out of (1) blasting or explosion, other than the explosion of air or steam vessels, piping under pressure, prime movers, machinery or power transmitting equipment, or (2) the collapse of or structural injury to any building or structure due (a) to excavation, including borrowing, filling or backfilling in connection therewith ”.
The policy provides for the payment of sums for which the assured might become liable as the result of its activities in the excavating business for personal injury or property damage.
The City Court action resulted in a judgment in favor of The Lawrence M. Lyons Corporation against D’Agostino Excavators, Inc., in the sum of $5,522.10. The plaintiff in this action seeks to recover that sum plus the sum of $1,100 representing counsel fees and disbursements.
The defendant The Lawrence M. Lyons Corporation is named as a party defendant allegedly for the reason that said defendant has an interest in this action to the extent of receiving the proceeds of any judgment which may be obtained by the plaintiff.
The defendant The Lawrence M. Lyons Corporation in its answer sets up a cross complaint against the defendant insurance company alleging fraud by the insurance company for having issued a certificate of insurance which they later disclaimed on the policy. The court finds no evidence of fraud and the cross complaint is dismissed, without costs.
I find no cause of action stated by the plaintiff against the defendant The Lawrence M. Lyons Corporation and the complaint is dismissed as against that defendant.
*616 As to the main cause of action, it is quite evident from reading the opinion of Mr. Justice Starke in the City Court action, which was tried without a jury, that he found as a matter of fact that the property damage sustained by The Lawrence M. Lyons Corporation was caused by the negligent manner in which the D’Agostino employee operated the bulldozer in that he drove it into a ditch and actually struck the walls, doing serious damage thereto. It was determined, therefore, as a matter of fact, based on the testimony of the witnesses and the photographs in evidence, that the physical facts were as just mentioned. It is conceded by all counsel that the bulldozer in question was covered under the policy. The only question remaining is whether the afore-mentioned exclusion feature applies. I hold that it does not. I interpret the language used to mean collapse or structural damage caused by, or as the policy says, due to excavation, including borrowing, filling or backfilling in connection therewith ’ ’. However, in the City Court action there is no finding that the damage sued for was the result of backfilling ” but rather the result of the faulty operation of a bulldozer. I interpret the exclusion to mean where damage is caused by perhaps an unworkmanlike job being done in the backfilling, causing damage, possibly by too heavy a load of dirt or insufficient shoring or something’ of the sort. The accident complained of may have occurred during ’ ’ backfilling but not as the result of backfilling.
The counsel has agreed to reduce the amount sued for to $5,200, inasmuch as a few small items concededly were not covered under the policy. I therefore find a decision in favor of the plaintiff against the defendant Globe Indemnity Company in the sum of $5,200, plus interest from October 4, 1957, together with the sum of $1,100, which includes $100 disbursements, the balance being in my opinion a fair and reasonable value of the services of legal counsel who was retained to defend the action.
I therefore direct that a judgment be entered by the Clerk of the court in accordance with the foregoing.' Ten days’ stay of execution, 30 days to make a case.